

**SO ORDERED.**

**SIGNED this 01st day of June, 2011.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| RONALD J. REYES SR. AND LIZA A. REYES | 10-52366-C |
| *DEBTORS* | CHAPTER 13 |
| JOSIE JONES | |
| *PLAINTIFF* | 10-5111 |
| V. | ADV. NO. ~~10-5117~~ |
| RONALD J. REYES SR. AND LIZA A. REYES, D/B/A LEGEND REALTY PROPERTY MANAGEMENT, F/D/B/A ERA LEGEND REALTY | |
| *DEFENDANTS* | |

### DECISION AND ORDER GRANTING SUMMARY JUDGMENT

Defendant has moved for summary judgment in this nondischargeability action, based on principles of collateral estoppel. Plaintiff has responded. This decision is the court's ruling thereon.

## Background

The defendants were sued in state court on multiple theories, relating to a real estate transaction. The matter was submitted to a jury, which responded to questions presented by the court, in the form of a jury charge and questions. Judgment was rendered in favor of the plaintiff. The judgment awards damages in the amount of $31,455.50, plus attorneys' fees of $29,000, and a directive to return commissions totalling $6.881.25. The defendants then filed for bankruptcy protection. The plaintiff filed this action to obtain a determination that the entire amount of the judgment be found to be nondischargeable under section 523 of title 11. The complaint seeks that determination under subsections (a)(2), (4), and (6).

The defendant says that, based on the jury's answers to the questions presented after trial, only a portion of the judgment is nondischargeable. The defendant seeks summary judgment that only $15,365.00 is nondischargeable, and the balance should be ruled discharged.

The plaintiff sees the motion as a challenge to the recovery for attorneys' fees and maintains that, under multiple theories, those fees should also be found to be nondischargeable.

## Analysis

Section 523 is an exception to the general rule that claims, regardless of their validity under section 502 as claims against the estate, may be discharged as personal liabilities of the debtor under section 727(a). Discharge does not mean that the claim is no longer allowed against the estate. It only means that the claims are no longer enforceable as a personal liability against the debtor. Thus, even if the court rules some portion of the claims here to be nondischargeable, the entirety of the claims of the plaintiff are still valid claims *against the estate* in this bankruptcy case.

Thus, we focus only on whether the claims as found by the jury and as rendered in the judgment are nondischargeable *against the debtor*. The court concludes that, based on the summary judgment evidence submitted, consisting of the jury charge and the judgment, the plaintiff is collaterally estopped from relitigating the characterization of the claims that make up the judgment against the debtors.

The jury found liability on a breach of contract claim. However, that claim does not fall within any exception to dischargeability. Accordingly, any damages attributable to breach of contract are discharged. In the jury charge, the jury awarded damages for breach of contract in the amount of $16,090.50. That claim amount is discharged.

The jury found that the debtors breached their fiduciary duty to the plaintiff. The defendants here concede that that finding satisfies the requirements of § 523(a)(4). The jury found damages for that breach totalling $8,740. That claim amount is not discharged.

The jury also found that the defendants were guilty of fraud, and the defendants here concede that the finding would render any damages awarded for that claim not discharged. However, the jury awarded no damages to the plaintiff for this liability. Thus there is no claim to be considered dischargeable under § 523(a)(2).

Next, the jury found that the defendants did *not* commit statutory fraud against the plaintiff. This is significant because, had the jury found statutory fraud, that would have served as a basis for the recovery of attorneys' fees. What is more, statutory fraud might well have satisfied the standards for nondischargeability in § 523(a)(2). In that event, all damages associated with that claim would be nondischargeable. The jury did not so find, however, and the plaintiff is collaterally estopped from relitigating that issue in this court.

The jury found conversion under state law, and the defendants here concede that that finding would satisfy the nondischargeability standard in § 523(a)(6). The jury awarded $6,625.00 as compensation for this claim. That amount is nondischargeable.

The jury answered a generic question on a reasonable attorneys' fee. The jury charge did not tie the answer to this question to any particular cause of action, nor did it need to. It was for the court to determine, as a matter of law, whether such fees could be awarded. The judgment in fact granted that award, and it had a basis for doing so -- the jury verdict included damages for breach of contract. Under state law, attorneys' fees can be recovered in an action for breach of contract.

From the bankruptcy perspective, however, there is no *nondischargeable* basis for the allowance of attorneys' fees. The breach of contract award is discharged, and with it any claim for attorneys' fees attributable to that award. There is no basis in Texas law for awarding attorneys' fees in tort actions, and plaintiff has not offered any such authority. Fraud sounds in tort. There is no basis in Texas law for an award of attorney fees in an action for breach of fiduciary duty to which the plaintiff has pointed the court. That cause of action thus will not serve as the "hook" for rendering the attorneys' fee award nondischargeable. The same goes for the conversion action. There is a statutory basis for attorneys' fees had the court granted an award for statutory fraud, but the jury did not so find. Thus, there is no basis for linking the award of attorneys' fees to this cause of action.

The foregoing establishes that the attorneys' fee award is dischargeable as a matter of law.

The court thus awards a judgment of nondischargeability as to the claims for breach of fiduciary duty and for conversion, totalling $15,365.00. The balance of the claims of plaintiff are discharged.

# # #